UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Case No. 2:17-cr-50

Daniel Norton,

Judge Michael H. Watson

Defendant.

## ORDER

Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) in light of the COVID-19 pandemic. Mots., ECF Nos. 119,126. The government opposes Defendant's request. ECF No. 127. There is no dispute that Defendant has exhausted his administrative remedies, so the Court will proceed with the next step of the analysis.

18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce[1] Defendant's term of imprisonment and impose a period of supervised release (with or without conditions) that does not exceed the unserved portion of the original term of imprisonment. The Sentencing Commission has issued a policy statement regarding the reduction of a term of imprisonment under § 3582(c)(1)(A). *See* United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. Pursuant to § 1B1.13, a reduction may be ordered if extraordinary and compelling reasons

---

[1] Section 3582(c)(1)(A) provides for a modification of a sentence by way of reduction of the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).

warrant a reduction, the defendant is not a danger to the safety of any other person or to the community, and the reduction is consistent with the policy statement. § 1B1.13(1)(A), (2) and (3).

"Extraordinary and compelling reasons" can include consideration of Defendant's medical condition, if he is (1) suffering from a terminal illness; (2) suffering from a serious physical or medical condition; (3) suffering from a serious functional or cognitive impairment; or (4) experiencing deteriorating physical or mental health because of the aging process. See USSG § 1B1.13, application note 1. In the event the Court finds such extraordinary and compelling circumstances warrant a reduction, the Court should consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, before determining whether to grant relief. Id. Defendant relies almost entirely on the general existence of the COVID-19 pandemic to demonstrate extraordinary and compelling circumstances. But this Court does not find that the existence of the pandemic alone constitutes extraordinary and compelling circumstances.

As it relates to COVID-19, the United States Department of Justice ("DOJ") has taken the position that extraordinary and compelling circumstances exist to warrant *consideration* for compassionate release if: (1) an inmate has a chronic medical condition recognized by the CDC as increasing the inmate's risk of becoming seriously ill from COVID-19, and (2) the inmate is not expected to recover from that condition. The DOJ believes that such a condition meets the

definition of an "extraordinary and compelling reason" under U.S.S.G. 1B1.13 application note 1(A)(ii)(I), even if it would not meet that standard absent the risk of COVID-19. Finally, the CDC recognizes certain categories of people are at a greater risk of becoming seriously ill from COVID-19. *See* Centers for Disease Control, *Who is At Increased Risk for Severe Illness?*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Here, Defendant has failed to provide the Court with extraordinary and compelling circumstances that relate to him personally, such as a medical condition that poses a greater risk of COVID-19 complications.

But even assuming extraordinary and compelling reasons exist that make Defendant eligible for consideration for compassionate release, other factors weigh against his release. First, under § 3553(a), a term of imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Second is the need to afford adequate deterrence. Defendant has served only a small portion of his 96-month sentence. The Court does not believe that serving the remainder of that term on supervised release with a condition of home confinement would adequately deter Defendant from future criminal conduct.

In sum, the Court does not find that Defendant has demonstrated extraordinary and compelling reasons that justify his release, and even if he had,

the Court finds that other § 3553(a) factors weigh against reducing Defendant's sentence. Accordingly, Defendant's motions, ECF Nos. 119, 126, are **DENIED**.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**